IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JONATHAN ARNOLD, | ) | C/A 9:11-712-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| SOUTH CAROLINA DEPARTMENT OF | ) | |
| CORRECTIONS, EDMUND S. HIGGINS, M.D., | ) | |
| and OFFICER REGINALD GADSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Dorchester County, asserting claims under 42 U.S.C. § 1983 as well as violations of the laws of the United States and the State of South Carolina. The Defendant Officer Reginald Gadson removed this matter to United States District Court based on federal claim jurisdiction on March 24, 2011, with the consent of all Defendants. On June 28, 2011, the Court ordered that Defendants William Mulbry, Jr., M.D., Robert E. Babb, M.D., and Andrew Hedgepath, M.D. be dismissed from the case. The Court's order further specifically noted that the claims against the dismissed Defendants as well as the remaining Defendant SCDC involve state court claims only for medical negligence.

      Over four (4) months later, the SCDC filed a motion on November 7, 2011, to remand the case against the SCDC to state court, arguing that the Court should not exercise its power of

1



pendent jurisdiction because the case against the SCDC involves only state court claims for negligence. On November 15, 2011, Plaintiff filed a memorandum in opposition, arguing, inter alia, that SCDC's motion to remand must be denied as untimely.[1] The Court is constrained to agree. A motion to remand must be filed within thirty (30) days after the filing of the notice of removal, and since the case was removed (with the consent of the SCDC) on March 24, 2011, and the SCDC did not file its motion to remand until November 7, 2011, the motion is untimely and should be denied. See 28 U.S.C. § 1447(c); see Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 203-204 (4th Cir. 2006)[Failure to make a timely objection waives the objection](citing 28 U.S.C.A. § 1447 (c)(2005)[explaining that, after removal, any "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days"].

Of course, remand could be obtained if subject matter jurisdiction is lacking, as 28 U.S.C. § 1447(c) provides that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Cf. Fed.R.Civ.P. 12(h)(3)["If the Court determines at any time that it lacks subject matter jurisdiction, the court *must* dismiss the action."](emphasis added); Velarde v. Velarde, No. 08-1044, 2009 WL 2426232 at * 4 (D.N.M. June 29, 2009)("[T]he allowance of remand up until the entry of final judgment, which will potentially occur well outside the deadline for a motion to remand, suggests that, even if the parties miss the deadline for a motion to remand, the Court must remand a case if it determines that it lacks subject matter jurisdiction.")(citing 24A Federal Proc. L.Ed. § 69:138 (updated 2008)["Since the District Court is required to remand any action over which it has no subject matter jurisdiction at any time

---

[1] The Court notes that an Amended Complaint and an Answer have been filed since SCDC's motion to remand was filed. Neither party has asserted that the amended pleadings affect the arguments of either party concerning the pending motion to remand.



2

before final judgment, the District Court may remand an action sua sponte for lack of subject matter jurisdiction."]); In re Methyl Tertiary Butyl Ether, 510 F.Supp.2d 299, 305 (S.D.N.Y. 2007)["Because jurisdiction goes to the issue of the court's power, a motion to remand based on lack of subject matter jurisdiction may be made at any time."]; White v. Anmar's, Inc., No. 87-3064, 1988 WL 1077, at * 1 (4th Cir. Jan. 7, 1988)["Subject matter jurisdiction is premised on diversity of citizenship and federal question grounds"]. However, there are no allegations of lack of subject matter jurisdiction in this case. To the contrary, this Defendant specifically moved to remand arguing that the Court should not exercise its "pendent jurisdiction."

Finally, with respect to Defendant's assertion of Eleventh Amendment Immunity, when it consented to the removal of this case to federal court the Defendant waived that immunity on claims to which it is subject to suit in state court. Lapides v. Board of Regents of the Univ. System of Georgia, 535 U.S. 613, 619 (2002)[A state's voluntary appearance in federal court waives sovereign immunity to claims where a state has consented to suit in its own courts for such claims]; see also Cameron v. Cox, No. 10-1278, 2011 WL 1235308 at * 4 (D.S.C. Jan. 21, 2011) adopted by, 2011 WL 1212177 (D.S.C. Mar. 30, 2011); cf. Stewart v. North Carolina, 393 F.3d 484, (4th Cir. 2005)[finding no waiver where state has not consented to suit in its own courts for such claims].

Therefore, it is recommended[2] that SCDC's motion to remand be **denied**. The parties

---

[2]While many Courts have held that an order of removal is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of
(continued...)



are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 3, 2012
Charleston, South Carolina



---

²(...continued)
Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). Therefore, out of an abundance of caution, a Report and Recommendation, instead of an Order, is being entered.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

