IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jonathan Arnold, | ) | C/A No.: 9:11-cv-00712 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Department of | ) | |
| Corrections, Edmund S. Higgins, M.D., | ) | |
| and Officer Reginald Gadson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the Motion to Remand filed by Defendant South Carolina Department of Corrections ("SCDC"). The plaintiff has opposed the motion. The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation ("R&R") and opines that the defendant's motion to remand should be denied as untimely.

This action was originally filed in the South Carolina Court of Common Pleas, Dorchester County, asserting claims under 42 U.S.C. § 1983 as well as violations of the laws of the United States and the State of South Carolina. On March 24, 2011, the case was removed to this court with the consent of all Defendants. On June 28, 2011, the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

court issued an order dismissing three defendants and further noting that the claims against the dismissed Defendants as well as the remaining Defendant SCDC involve state court claims only for medical negligence.

SCDC filed its Motion to Remand on November 7, 2011, asking that this court not exercise pendent jurisdiction because the case against SCDC involves only state court claims for negligence.  Plaintiff filed a memorandum in opposition to the motion arguing that SCDC's request was untimely.  In the Magistrate Judge's R&R, he agrees with the plaintiff and points out that a motion to remand must be filed within 30 days after filing of the notice of removal.  Because this case was removed on March 24, 2011, and SCDC did not file its motion to remand until November 7, 2011, the Magistrate Judge recommends that SCDC's motion be dismissed as untimely.

Although SCDC has not made an argument that this court lacks subject matter jurisdiction, the Magistrate Judge goes on to point out that remand would be appropriate if this court lacked subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  The Magistrate Judge also addresses Eleventh Amendment Immunity, confirming that by consenting to the removal of this case, SCDC waived immunity on claims to which it is subject to in state court.

In its Opposition to the Report and Recommendation, SCDC concedes that by consenting to removal, it waived Eleventh Amendment Immunity.  SCDC further concedes that it failed to file its motion to remand within 30 days after the filing of the notice of removal.  According to Defendant SCDC, it "is not moving to remand for lack

of jurisdiction *per se*, but rather Defendant SCDC is requesting the court to exercise its discretion under § 1367(c) and to decline to exercise supplemental jurisdiction and remand the State claims unrelated to the Plaintiff's fingertips that raise only State law issues." (ECF No. 56, p. 2). The supplemental jurisdiction statute referred to by SCDC provides that

> The district courts may decline to exercise supplemental jurisdiction over a claim under a subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Defendant contends that the state law claims against SCDC comprise "novel or complex issues of State law and [] predominate over the one Federal claim involving alleged excessive use of force." (ECF No. 56, p. 2). This court has reviewed the claims against SCDC and finds that there is no reason for declining to exercise supplemental jurisdiction in this case.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. SCDC's motion for remand is untimely in this case. Furthermore, SCDC has not provided any argument that this court is constrained to remand this case—rather, SCDC has asked this court to decline to exercise supplemental jurisdiction based on 28 U.S.C. § 1367(c). However, this court finds no

reason that it should decline supplemental jurisdiction for the state law claims against SCDC. As such, this court adopts the Magistrate Judge's recommendation and denies Defendant SCDC's motion to remand. This case is referred back to the Magistrate Judge for further handling.

      IT IS SO ORDERED.

March 2, 2012                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge